**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40147

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO GONZALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(B-94-CR-95-6)
_____

November 24, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Orlando Gonzales of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and of aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. Gonzales was sentenced to 288 months imprisonment, five years supervised release, and a $100 special assessment.

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Gonzales appeals his conviction for aiding and abetting the possession of cocaine with intent to distribute, arguing that there was insufficient evidence to support his conviction. A conviction for aiding and abetting the possession of cocaine with the intent to distribute does not require that Gonzales have actual or constructive possession of the drugs. *United States v. Salazar*, 958 F.2d 1285, 1292 (5th Cir.)*, cert. denied*, ___ U.S. ___, 113 S. Ct. 185, 121 L. Ed. 2d 129 (1992). The jury need only find that Gonzales' "association and participation with the venture were in a way calculated to bring about that venture's success." *Id.* After having carefully reviewed the record, we conclude that there was sufficient evidence for a jury to make the required finding and convict Gonzales of this crime.

AFFIRMED.